UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EMILY DEHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-2079-DDC-GEB |
| ) | |
| BOARD OF REGENTS FOR KANSAS ) | |
| COLLEGES AND UNIVERSITIES, ) | |
| STATE OF KANSAS *ex rel.* UNIVERSITY ) | |
| OF KANSAS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter comes before the Court on Plaintiff's Amended Motion for Leave to Amend Complaint ("Motion") **(ECF No. 78)**. After careful consideration of the parties' briefing, including the motion and proposed First Amended Complaint and Defendant's Opposition (ECF No. 89), and having heard the argument of counsel, the Court **DENIES** Plaintiff's Motion for the reasons set forth below.

## I.   Background[1]

Plaintiff filed her initial Complaint on March 7, 2024. She sued the Board of Regents for Kansas Colleges and Universities *ex rel.* University of Kansas ("Defendant"). Plaintiff sought both compensatory damages and injunctive relief for her claims brought under the

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1), Memorandum and Order granting in part and denying in part Defendant's Motion to Dismiss (ECF No. 23), and Memorandum and Order granting in part and denying in part Defendant's Motion for Judgment on the Pleadings (ECF No. 67). This background information should not be construed as judicial findings or factual determinations.

1

Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Rehabilitation Act") and compensatory damages for her breach of contract claims. All Plaintiff's claims are related to alleged prior discrimination and retaliation while she was enrolled in the Nurse-Midwife Doctor of Nursing Practice program at the University of Kansas Medical Center.

Defendant filed its Motion to Dismiss all Plaintiff's claims for failure to state a claim. Defendant's Motion to Dismiss was granted in part and denied in part. Plaintiff's claims for breach of implied contract and breach of express contract (Count III) were dismissed. The Court held a Scheduling Conference on March 17, 2025 and entered a Scheduling Order setting a deadline of May 5, 2025 for any motions for leave to amend.[2] Although Defendant filed a Motion for Judgment on the Pleadings on April 29, 2025,[3] Plaintiff did not move for leave to amend prior to the May 5th deadline or seek an extension of the deadline.

Defendant's Motion for Judgment on the Pleadings invoked Eleventh Amendment immunity and sovereign immunity. It sought to dismiss Plaintiff's claims for unlawful disability discrimination and retaliation under the ADA as well as all Plaintiff's claims for emotional damages. On November 21, 2025, the District Judge dismissed without prejudice Plaintiff's claims for discrimination and retaliation under the ADA. After Plaintiff conceded that emotional distress damages are not recoverable under the

---

[2] ECF No. 32.
[3] ECF No. 35.

Rehabilitation Act, her claim for such damages was dismissed with prejudice. Following this ruling, Plaintiff's claims for discrimination and retaliation under the Rehabilitation Act, without her claim for emotional damages on such claims, remain in her Complaint.

Plaintiff filed her original Motion for Leave to Amend Complaint[4] on January 7, 2026. Although filed well after the deadline to file any motion to amend, Plaintiff's initial motion failed to address the legal standard under Fed. R. Civ. P. 16 regarding good cause. Recognizing the omission, Plaintiff filed her amended Motion the following day. Plaintiff seeks to amend her complaint to add a new claim for prospective injunctive relief that she be able to complete her coursework free from discrimination and retaliation under the ADA. The new claim is brought against a new Defendant, Dr. Jean Foret Giddens, in her official capacity as Dean of the School of Nursing.

Plaintiff's amended Motion was filed two weeks before the close of discovery, three weeks before the parties' proposed Pretrial Order was due to the undersigned, and just five weeks before all dispositive motions were due following the entry of a Pretrial Order. To expediate decision on Plaintiff's amended Motion, the undersigned set the Motion for hearing at the Pretrial Conference where any argument in reply could be raised. Having reviewed the parties' briefing and heard the argument of counsel, the Court is ready to rule.

---

[4] ECF No. 77.

## II.    Plaintiff's Amended Motion for Leave to Amend Complaint

### A.    Legal Standards

#### 1.    Fed. R. Civ. P. 16 – Good Cause

When considering a motion for leave to amend filed past deadline set forth in the scheduling order, Fed. R. Civ. P. 16(b)(4) is implicated. Rule 16(b)(4) provides a "schedule may be modified only for good cause and with the judge's consent." Judges in this District "have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a)."[5] A court will "first determine whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[6] Only after finding good cause will the court proceed to the next step to evaluate whether the broader Rule 15(a) standard for amendment has been satisfied.[7]

"Good cause" under Rule 16(b)(4) requires a party to show that "despite due diligence it could not have reasonably met the amendment deadline."[8] The party requesting an untimely amendment "is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline."[9] "'[G]ood cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial

---

[5] *Carefusion 213, LLC v. Pro. Disposables, Inc.*, No. 09–2616–KHV, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010) (citations omitted).
[6] *Id.*
[7] *Id.*
[8] *Livingston v. Sodexo & Affiliated Co.*, No. 11-4162-EFM, 2012 WL 2045292, at *1 (D. Kan. June 6, 2012) (citing *Deghand v. Wal–Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).
[9] *Id.*

risk of unfairness to that party."[10] Where a party seeks to assert affirmative claims, if the moving party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred."[11] The Court has discretion to decide whether the movant has established good cause sufficient to modify the scheduling order deadlines, and such a decision is reviewed only for abuse of discretion.[12]

### 2. Fed. R. Civ. P. 15 – Factors for Amendment

The standard for permitting a party to amend her pleadings is well established. A party may amend her pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading. In cases such as this where the time to amend as a matter of course has passed, without the opposing party's consent, a party may amend its pleading only by leave of the court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires." Under Rule 15, the relevant factors in deciding a motion for leave to amend include: "whether the amendment will result in undue prejudice, whether the request was unduly and inextricably delayed, was offered in good faith, or that the party had had sufficient opportunity to state a claim and failed."[13] "Unexplained delay alone justifies the district court's discretional

---

[10] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting 3 James Wm. Moore, *Moore's Federal Practice* - Civil § 16.14[1][b] (3d ed. 2019)).
[11] *Farr v. Jackson Nat'l Life Ins. Co.*, No. 19-4095-SAC, 2020 WL 5118068, at *2 (D. Kan. Aug. 31, 2020) (citing *Gorsuch, Ltd. B.C. v. Wells Fargo Nat'l Bank Ass'n.*, 771 F.3d 1230, 1240 (10th Cir. 2014)). See also *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir.2006); *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir.1987).
[12] *Carefusion 213*, 2010 WL 4004874, at *3 (citations omitted).
[13] *Koch v. Koch Industries*, 127 F.R.D. 206, 209 (1989) (quoting *State Distributors, Inv. v. Glenmore Distilleries*, 738 F.2d 405, 416 (10th Cir. 1984).

decision to deny leave to amend."[14] The "liberality in granting leave to amend is curbed when amendment would cause the opposing party undue prejudice."[15] Amendment invariably causes some prejudice, "but leave to amend is not denied unless the amendment would work an injustice to the defendants."[16] The burden of showing undue prejudice is on the party opposing amendment.[17]

B. Discussion

1. Fed. R. Civ. P. 16 - Good Cause

The Court considers the initial question of whether Plaintiff has shown good cause under Fed. R. Civ. P. 16. The deadline for filing motions for leave to amend in the Scheduling Order (ECF No. 32) was May 5, 2025. The current Motion was filed on January 8, 2026 over 8 months after the deadline to amend ran. It was filed two weeks before the close of discovery, three weeks before the parties' proposed Pretrial Order was due to the undersigned, and just five weeks before all dispositive motions were due following the entry of a Pretrial Order. Her only argument that good cause exists is she "promptly" sought leave to amend following the Court's dismissal of her ADA claims. Plaintiff neither set forth facts regarding why despite due diligence she could not have reasonably met the May 5, 2025 amendment deadline nor why the need for more time was neither foreseeable nor

---

[14] *Gruver v. Soyez*, No. 23-1179, 2025 WL 949132, at *11 (D. Kan. Mar. 28, 2025) (quoting *Castanon v. Cathey*, 976 F.3d 1136, 1145 (10th Cir. 2020)).
[15] *Koch* at 209.
[16] *Id.* at 209-10.
[17] *Id.* at 210.

6

her fault. And her argument she was generally diligent because she promptly sought leave to amend after her ADA claims were dismissed falls short.

Plaintiff does not argue she could not bring her claim for prospection injunctive relief under the ADA against the Dean of the Nursing School in her initial Complaint together with her claims for discrimination and retaliation under the ADA and Rehabilitation Act but instead was required to wait until her other ADA claims were dismissed. The Court finds no reason why she could not have initially pursued the claim for prospective injunctive relief under *Ex Parte Young*.[18] Plaintiff does not argue why the need for more time to move to amend was not foreseeable when she reviewed Defendant's Motion for Judgment on the Pleadings, filed on April 29, 2025, six days before the amendment deadline, which argued her claims under the ADA based upon prior alleged discrimination and retaliation were barred by Eleventh Amendment and sovereign immunity. And even her argument the Motion was filed promptly after the ruling on Defendant's Motion for Judgment on the Pleadings is misplaced. The District Judge entered the Memorandum and Order on Defendant's motion on November 21, 2025. Knowing the extended deadline to close discovery was set for January 23, 2026 with the deadlines for a proposed Pretrial Order and dispositive motions falling very close

---

[18] *Guttman v. Khalsa*, 669 F.3d 1101, 1108 (10th Cir. 2012)(Physician brought claims against the State of New Mexico, the medical board's administrative prosecutor, and hearing officer alleging the revocation of his medical license violated his rights under the ADA. He brought both claims for discrimination under the ADA and for prospective injunctive relief against the state officials in their official capacities.)

thereafter, the Court disagrees that waiting two months after the District Judge's ruling, just two weeks prior to the close of discovery, to file her motion was prompt.

The Court believes Plaintiff could have sought leave to amend her complaint to include a prospective claim for injunctive relief against the current Dean of the School of Nursing well before the time she filed her Motion. Plaintiff has not shown that despite due diligence she could not have reasonably met the amendment deadline The Court, in its discretion, finds Plaintiff has failed to establish good cause sufficient to modify the scheduling order to extend the deadline to move for leave to amend. The Court will next address the factors under Fed. R. Civ. P. 15.

### 2. Rule 15 Factors
#### a. Undue Delay

For the reasons set forth regarding Plaintiff's failure to establish good cause sufficient to modify the scheduling order to extend the deadline to move for leave to amend, the Court finds Plaintiff unduly delayed in filing her Motion. "Untimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay."[19] "No finding of prejudice to the opposing party is required."[20] Plaintiff knew Defendant raised both Eleventh Amendment and sovereign immunity arguments to dismiss her ADA claims based upon alleged prior discrimination and retaliation before the amendment deadline ran. Rather than quickly move for leave to

---

[19] *Phelps v. Hamilton*, 166 F.R.D. 489, 491 (D. Kan. 1996) (quoting *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir.1995)).
[20] *Phelps* at 491.

amend or seek an extension of the deadline to do so before it ran, Plaintiff chose to wait to see how the District Judge would rule on Defendant's Motion for Judgment on the Pleadings.[21]

### b. Undue Prejudice

Defendant argues, and the Court is inclined to agree, Plaintiff waiting to file her Motion, which will not be ripe until after the close of discovery and just one day prior to the deadline to submit their proposed Pretrial Order, will cause Defendant undue prejudice. The parties characterize Plaintiff's proposed new claim very differently. Plaintiff alleges it makes "no changes to the general nature of the complaint, and the addition of the official holding the position of Dean will not change the nature of Defendant's defense." Defendant, however, asserts in addition to adding a new claim, the proposed Amended Complaint would add substantive allegations regarding the addition of credit hours and coursework for Plaintiff to complete to graduate. These allegations were raised after Plaintiff was deposed. With the discovery deadline closed, Defendant argues it is precluded from discovery related to the additional allegations. Defendant also alleges the amendment would greatly disrupt the schedule in the case. After service is obtained on the Dean of the Nursing School, she would have the right to pursue a Rule 12 remedy – which is a likely occurrence, and the case would require discovery to address the new theory that KU is continuing to violate the ADA. Plaintiff's prior ADA claims were based upon allegations

---

[21] *Gruver*, at *11. ("Amending after the court adjudicates a motion to dismiss represents a "a wait and see approach[,] which undermines judicial efficiency. And the court wonders how any proposed amendment wouldn't represent an undue delay.")

of discrimination and retaliation which occurred in the past while the proposed claim is based upon alleged continuing discrimination and retaliation. The Court finds the amendment injecting a new Defendant, new claim, and substantive facts, after the close of discovery with the necessary effects on the current schedule which would precipitate the loss the current trial setting, would cause undue prejudice to Defendant.[22]

### c. Bad Faith

Defendant suggests the inclusion of certain facts related to additional classwork Defendant required Plaintiff to take to graduate was made in bad faith. To be sure the parties disagree about the substance of these facts, but the Court will not find bad faith.

### III. Conclusion

As discussed above, the Court has found Plaintiff has not demonstrated good cause for amendment. Even if Plaintiff had shown good cause, the Court finds Plaintiff unduly delayed seeking leave to amend, and such amendment adding a new Defendant, a new claim, and additional factual allegations after the close of discovery would cause undue prejudice to Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Complaint **(ECF No. 78)** is **DENIED**.

---

[22] *Phelps* at 491 ("Plaintiff did not seek leave to amend until…just six weeks before the close of discovery. To allow amendment at that late date, or at this late date, would be inherently prejudicial to defendant and to the orderly administration of justice.")

Dated at Wichita, Kansas the 6th day of February, 2026.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge