IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EMILY DEHN,

        Plaintiff/Counter Defendant,

v.

BOARD OF REGENTS FOR KANSAS COLLEGES AND UNIVERSITIES, STATE OF KANSAS *ex rel.* UNIVERSITY OF KANSAS,

        Defendant/Counter Claimant.

Case No. 24-2079-DDC

## MEMORANDUM AND ORDER TO SHOW CAUSE

Defendant Board of Regents for Kansas Colleges and Universities *ex rel.* University of Kansas has filed two separate summary judgment motions. Doc. 104; Doc. 108. One of these asks for summary judgment against plaintiff's claims. Doc. 104. The other asks for summary judgment in defendant's favor on its Counterclaim. Doc. 108. The problem with this approach? "A party should ordinarily submit only one motion for summary judgment which contains all arguments and evidence in support of a judgment in favor of the moving party, so as to avoid a piece-meal approach to a multiple claim suit." *Cole v. Convergys Customer Mgmt. Grp., Inc.*, No. 12–2404–SAC, 2013 WL 1446556, at *1 (D. Kan. Apr. 9, 2013). Our court's Summary Judgment Guidelines codify this norm: "Absent a court order granting permission to do so,

separate or multiple motions for summary judgment should *not* be filed to avoid compliance with D. Kan. Rule 7.1(d)(2)."[1]

This guidance makes good sense. As our court has observed, "filing summary judgment motions seriatim on one's own initiative not only makes 'the court's task of shuffling paperwork more complex[.]'" *Cole*, 2013 WL 1446556, at *1 (quoting *Lewis v. Glickman*, No. 98-4154-SAC, 2000 WL 1863407, at *3 n.3 (D. Kan. Nov. 1, 2000)). The practice "also permits 'any number of permutations of the page-limitation rule[.]'" *Id.* (quoting *Lewis*, 2000 WL 1863407, at *3 n.3). Our court has animated this conclusion several times recently. *E.g.*, *United States ex rel. Schroeder v. Medtronic, Inc.*, No. 17-2060-DDC-BGS, 2024 WL 3567297, at *1 (D. Kan. Mar. 26, 2024) (granting motion to strike second summary judgment motion); *Hernandez v. Pemmark Transp., Inc.*, No. 24-cv-01158-TC, 2025 WL 2443448, at *2 (D. Kan. Aug. 15, 2025) ("[M]ultiple summary judgment motions filed throughout the course of litigation are generally disfavored.").

Here, the court detects no reason why this case—a relatively straightforward one with few claims and a single claim comprising the Counterclaim—should require 70 pages of summary-judgment briefing. More complicated cases have sufficed with less. Given this history, the court orders defendant to show cause in writing within 14 days of this Order why the court shouldn't strike Doc. 104 and Doc. 108. Alternatively, defendant may file a single, rule-compliant summary judgment motion or seek leave to depart from that rule within 14 days of this Order. In light of this Order, the court stays plaintiff's response deadlines for defendant's two summary judgment motions until further court order or until defendant files a rule-compliant brief.

---

[1] The court makes its Summary Judgment Guidelines publicly available at: https://ksd.uscourts.gov/sites/ksd/files/Summary-Judgment-Guidelines%202023.pdf

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant show cause in writing within 14 days of this Order why the court shouldn't strike Doc. 104 and Doc. 108. Alternatively, defendant may file a single, rule-compliant motion for summary judgment or seek leave to depart from that rule within 14 days of this Order.

**IT IS FURTHER ORDERED THAT** response deadlines for Doc. 104 and Doc. 108 are stayed pending further court order or until defendant files a single, rule-compliant summary judgment motion.

**IT IS SO ORDERED.**

**Dated this 27th day of February, 2026, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
